IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARTEMUS EDEN,**<br><br>Plaintiff / Counter-Defendant,<br><br>v.<br><br>**STATION TOWNHOUSES LLC, et al.,**<br><br>Defendants / Counterclaimants | **Case No. 1:25-cv-02944** |

**DEFENDANTS' EMERGENCY MOTION FOR SHOW-CAUSE ORDER AND INDICATIVE RULING TO DISSOLVE INJUNCTION**

Defendants Station Townhouses LLC and Bozzuto Management Company (together, "Defendants") respectfully move pursuant to the Court's September 12, 2025 preliminary injunction Order [ECF No. 20] and Fed. R. Civ. P. 62.1 for a show-cause order and an indicative ruling to dissolve the Court's preliminary injunction Order, and for their motion state as follows:

1. On September 12, 2025, following an evidentiary hearing, the Court entered an Order directing Defendants to allow Plaintiff Artemus Eden to return to Unit 943 at Station House Apartments. The Court's Order was "expressly conditioned on Plaintiff abiding by [specified] terms in connection with his tenancy until the resolution of this case."

2. One such restriction was that "Plaintiff will refrain from contacting, either direct[ly] or indirectly, any elected U.S. officials, including any U.S. Senators, who reside at Station House Apartments, or their visiting staff" (the "Senator No-Contact Rule").

3. Another such restriction was that "Plaintiff will refrain from any verbal communications with Defendants' staff and will communicate with staff solely in writing, except in case of an emergency" (the "Station House No-Contact Rule").

954021

4. Another such restriction was that "Plaintiff will refrain from accessing any amenity spaces at Station House Apartments and from loitering near the front desk area at Station House Apartments, except that he may access and use the business center between the hours of 5:00 a.m. to 7:00 a.m. and 12:00 p.m. to 2:00 p.m." (the "No-Loitering Rule").

5. The Court's preliminary injunction Order provides that, should Plaintiff fail to comply with the conditions (including the Senator No-Contact Rule, the Station House No-Contact Rule, and the No-Loitering Rule), the Court "may issue an order requiring Plaintiff to show cause why the preliminary injunction should not be dissolved."

6. On September 12, 2025, soon after the Court entered the preliminary injunction Order, Defendants noted an appeal of the Order to the U.S. Court of Appeals for the D.C. Circuit. Defendants sought an emergency stay of the Order, which the D.C. Circuit denied on September 19, 2025. However, the D.C. Circuit accelerated briefing on the appeal, which will take place in October.

7. On September 18, 2025, just three days after Plaintiff returned to Unit 943, undersigned counsel for Defendants received a call from Special Agent Jesse Cole of the U.S. Capitol Police. The Court will recall that Agent Cole was among the witnesses who testified at the preliminary injunction hearing.

8. Agent Cole informed undersigned counsel that on September 18, Plaintiff visited the Senate offices of one of the four United States Senators who reside at Station House, and interacted with the Senator's staff. That visit/interaction violates the Senator No-Contact Rule.

9. On September 18, 2025, Plaintiff visited the front desk at Station House, made comments about his deceased mother, and spoke to a BMC employee, saying words to the effect that the employee should "not become collateral" and "not get involved" because Plaintiff's

2

954021

"problem is between him and the 'big man.'" That interaction violates the Station House No-Contact Rule.

11. 10. On September 19, 2025, undersigned counsel received a call from the chief counsel for the above-mentioned Senator, who informed undersigned counsel that Plaintiff again visited the Senator's office that day. That visit violates the Senator No-Contact Rule.

11. On September 19, 2025, Plaintiff visited the front desk at Station House and claimed to have an "emergency" in his apartment. The "emergency" was a series of maintenance requests, none of which constitute an emergency. *See* Sept. 19, 2025 email fr. T. Watson to T. Davis & L. Isaacs, attached as Exhibit 1. That interaction violates the Station House No-Contact Rule.

12. On September 22, 2025, Plaintiff was loitering in the lobby. When a Station House employee asked whether he was returning to his apartment, Plaintiff unleashed a series of expletives. Later that morning, Plaintiff visited the front desk at Station House and tried to place something on the desk. Those encounters violate the No-Loitering Rule and the Station House No-Contact Rule.

13. On September 19, 2025, Station House personnel forwarded to undersigned counsel two emails received from residents who were disturbed by Plaintiff's behavior. One resident reported Plaintiff shouting an expletive at her. The other resident reported that Plaintiff encountered him in the lobby near the gaming room area around 2:50 p.m. on September 18, 2025, and stopped him to claim: "I am the president of the resident association and Station House owes you money." The resident wrote: "I do not feel safe with Art Eden back in Station House given the recent record and I believe all residents need to be made aware of this situation of why he has been allowed to return."

3

954021

14. On September 22, 2025, an attorney with the United States Capitol Police advised undersigned counsel that a barring notice would be issued to Plaintiff, prohibiting his entry to U.S. Senate office buildings and the Senate Wing of the U.S. Capitol Building and Capitol Visitor Center due to his disruptive behavior.

15. In a matter of days, Plaintiff has violated the conduct restrictions in the preliminary injunction Order at least six times, and has made two residents so uncomfortable that they felt the need to contact Station House personnel.

16. Federal Rule of Civil Procedure 62.1(a) provides that if a "timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may," *inter alia*, "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

17. In this case, an "indicative ruling 'is appropriate and may help advance the final resolution of this matter.'" *New Mexico v. Musk*, No. 25-cv-429 (TSC), 2025 WL 1650393, at *2 (D.D.C. June 10, 2025) (citation omitted). Specifically, if the Court finds, as it should, that Plaintiff's violations would warrant dissolving the preliminary injunction, further appellate proceedings in connection with the preliminary injunction may not be necessary or could be greatly streamlined.

18. On September 19, 2025, undersigned counsel for Defendants contact Plaintiff's counsel by email to (i) advise him about Plaintiff's noncompliance with the Order and (ii) inform him that Defendants intended to move on an emergency basis for Plaintiff to be held in contempt of the Order and for dissolving of the injunction, unless Plaintiff is willing to vacate the premises. Plaintiff's counsel responded late in the evening of September 22, 2025, and attempted to explain Plaintiff's conduct. A copy of the exchange between counsel is attached as

Exhibit 2.  Most notably, Plaintiff appears to maintain that it is consistent with the Court's Order for him to visit the Senate offices of United States Senators who reside at Station House and interact with their staff.  That certainly is not Defendants' reading of the Order and would not address the security concerns presented through unrebutted evidence at the preliminary injunction hearing.

19.   The balance the Court endeavored to strike in the preliminary injunction Order requires Plaintiff to comply with the conduct restrictions.  Plaintiff has failed to comply and, evidently, is unwilling or unable to do so.  The Court should "issue an order requiring Plaintiff to show cause why the preliminary injunction should not be dissolved," Order at 2, and should issue an indicative ruling that it would dissolve the injunction in the event of a remand, or at minimum that Defendants' motion raises a substantial issue.  *See* Fed. R. Civ. P. 62.1(a)(3).

Respectfully submitted,

**GALLAGHER LLP**

　　　*/s/ Joe Dugan*　　　
Christina F. Araviakis (Bar No. MD0203)
caraviakis@gejlaw.com
James D. Bragdon (Bar No. 1017743)
jbragdon@gejlaw.com
Joe Dugan (*pro hac vice*)
jdugan@gejlaw.com
Sangeetha Kannan (*pro hac vice*)
skannan@gejlaw.com
218 North Charles Street, Suite 400
Baltimore, MD  21201
Telephone: (410) 727-7702
Fax: (410) 468-2786
*Attorneys for Defendants*

Date:  September 22, 2025

954021

## CERTIFICATE OF SERVICE

      I CERTIFY that on September 22, 2025, the foregoing Motion, together with the exhibits and proposed order, was served by CM/ECF on counsel of record and by email on Attorney Neil Satterlund.

                                                               */s/ Joe Dugan*
                                                  Joe Dugan (*pro hac vice*)

954021